# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| STATE OF INDIANA, | |
| Plaintiff, | |
| v. | CAUSE NO.: 1:19-CR-66-HAB-SLC |
| TANISHA WITT BEY, | |
| Defendant. | |

## OPINION AND ORDER

Tanisha Witt Bey, a prisoner without a lawyer in this court, sent the clerk a document captioned, "Legal Notice of Removal" attempting to remove the State criminal case, *State v. Witt*, 34D04-1904-F5-1170 (Howard Superior Court filed April 12, 2019). Pursuant to 28 U.S.C. § 1455(b)(4), "The United States district court in which such notice is filed shall examine the notice promptly. If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." Here, removal should not be permitted. This case will be summarily remanded for several reasons.

First, Howard County is in the geographical boundaries of the United States District Court for the Southern District of Indiana. A State criminal case may only be removed to "the district and division embracing the place wherein it is pending . . . ." 28 U.S.C. § 1442(a) and 28 U.S.C. § 1443. *See also* 28 U.S.C. § 1442a.

Second, the notice of removal does not include a copy of any process, pleadings, or orders served in the State case. However, a notice of removal must include "a copy of

all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1455(a).

Third, the notice of removal is untimely. The notice must be filed "not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier." 28 U.S.C. § 1455(b)(1). Tanisha Witt Bey was arraigned on May 9, 2019. [https://public.courts.in.gov/mycase/#/vw/CaseSummary/eyJ2Ijp7IkNhc2VUb2tlbiI6Ik16VXdNVGN4T1RFMk1qZ3dPamczTmpNNU1qVXpPRE09In19](https://public.courts.in.gov/mycase/#/vw/CaseSummary/eyJ2Ijp7IkNhc2VUb2tlbiI6Ik16VXdNVGN4T1RFMk1qZ3dPamczTmpNNU1qVXpPRE09In19). The notice of removal was not signed until more than three months later, on August 19, 2019. (ECF 1 at 11.) For good cause that deadline can be extended. 28 U.S.C. § 1455(b)(1). Here however, the notice of removal provides no explanation (much less good cause) for why the deadline should be extended.

Fourth, the notice of removal does not specify any grounds that could properly support federal jurisdiction. There are three statutes which permit the removal of a State criminal case. The notice of removal does not specifically cite to any of them. Rather, it generally cites to 28 U.S.C. § 1441–1446. Pursuant to 28 U.S.C. § 1442, a federal officer may remove a State criminal case in some circumstances. Pursuant to 28 U.S.C. § 1442a, members of the armed forces may remove a State criminal case in some circumstances. Here, the notice of removal does not mention that the defendant is either a federal officer or a member of the armed forces. Therefore, neither of those statutes are applicable here.

Pursuant to 28 U.S.C. § 1443, anyone may remove a State criminal case if the defendant is "denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within

the jurisdiction thereof." 28 U.S.C. § 1443(1). "The Supreme Court has interpreted th[at] statute to apply only if the right alleged arises under a federal law providing for civil rights based on race and the petitioner must show that he cannot enforce the federal right due to some formal expression of state law." *State v. Haws*, 131 F.3d 1205, 1209 (7th Cir. 1997) (first citing *Georgia v. Rachel*, 384 U.S. 780 (1966); then citing *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 621 (1979)). Here, the notice of removal does not allege the denial of any rights arising under a federal law providing for civil rights based on race. *See Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) ("First, it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'") (quoting *Rachel*, 384 U.S. at 792)). Nor is there any reason to believe the defendant's rights cannot be enforced in State court. *See Johnson,* 421 U.S. at 220 ("[T]he vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court.").

Fifth, the notice of removal argues that the "State of Indiana Superior Court is an unconstitutional, private corporation." ECF 1 at 3 (emphasis omitted). It argues that the State criminal court does not have jurisdiction over her because she is an "Aboriginal, Indigenous Moorish American National." *Id*. However, "[r]egardless of an individual's claimed status of descent . . . that person is not beyond the jurisdiction of the courts. These theories should be rejected summarily, however they are presented." *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011).

3

For these reasons, pursuant to 28 U.S.C. § 1455(b)(4), this case is summarily REMANDED to the state court.

SO ORDERED on August 27, 2019.

s/ *Holly A. Brady*
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT
